### JAMES J. BRIMM v. JOHN S. LONG.

VERDICT *Directed by the Court, When Not Error.* L. agreed with his mortgagor, one B., and a purchaser of the mortgaged property, to release the lien which he held on a span of mules, under a chattel mortgage, if B. delivered to him, on January 1st, 1876, $250 worth of corn, at twenty cents a bushel. Afterward, L. accepted certain corn on condition that he was to bring suit against a third party to obtain it for B.'s benefit, who was to save him harmless. In this action, he received $185.80 worth of corn, but paid out $30 as attorney's fees. The opposing party then prepared the case for the supreme court; and before three years had expired from the rendition of the judgment, L. brought his action in replevin to recover the mules. *Held,* Not error for the court to direct a verdict for L., if the evidence failed to show that L. had been tendered the balance of the $250, and attorney's fees, and a bond of indemnity to save him harmless in the action brought by him to secure the corn.

*Error from Doniphan District Court.*

ACTION of replevin brought by *Long,* defendant in error (plaintiff below), against *Brimm,* plaintiff in error (defendant below), on June 11th, 1877, to recover the possession of a span of mules, which *Long* claimed by virtue of a chattel mortgage executed by one J. W. Bailey to said *Long.* The answer of *Brimm* denied the wrongful detention of the mules, and set up that he had bought them of Bailey, with the consent of *Long,* under an agreement between all the parties that, when Bailey should pay *Long* $250 in corn, *Long* was to release the property from the lien of the mortgage; that Bailey had paid all but $50; that *Brimm* had tendered *Long* $80, which *Long* refused to receive. The case was tried by the court with a jury. The following special findings were returned:

"*Question:* Were the mules in dispute sold and delivered by Bailey, Long's mortgagor, to Brimm, under agreement made with Bailey, Long (the plaintiff), and Brimm (the defendant), that when Bailey delivered to Long $250 worth of corn, at 20 cents per bushel, the mules should be released? And did Brimm purchase them, and take possession of them, with the understanding that they were to be released when Bailey delivered $250 worth of corn to Long? *Answer:* Yes, they were.

"Q. How many dollars' worth of corn did Long receive, to be applied in discharge of the mortgage on the mules? A. $185.80.

"Q. Did Brimm tender to the plaintiff, before the commencement of this suit, $80, to be applied to the discharge of the mules? A. Yes.

"Q. What amount in value in corn has the plaintiff received on the contract to deliver $250 worth of corn? A. $185.80.

"Q. What amount of money did it become necessary for the plaintiff to pay, in attorney's fees, in order to secure the corn agreed to be delivered by Bailey? A. $30."

The jury returned a general verdict in favor of Long, that he was entitled to the right of possession of the mules, and that their value was $200. Judgment was rendered accordingly, and the defendant in the lower court brings the case here.

*W. D. Webb,* for plaintiff in error.

*A. Perry,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is alleged the trial court committed error in admitting evidence that the defendant in error paid $30 as attorney's fees to secure the corn he received of Bailey, and that the legal proceedings concerning the corn were in a condition to be taken for review to the supreme court. Again, it is alleged that the court erred in instructing the jury they should find in favor of said defendant in error, unless it was shown that Brimm had tendered him sufficient money to make the amount of $250 and the $30; and had further tendered him a bond of indemnity in the suit lately pending in

that court regarding the corn. All of the evidence is not preserved in the record, and the legal controversy between Long and the creditors of Bailey about the corn is very blindly presented. From the findings of the jury and the evidence before us, we ascertain this much: The mules in dispute were sold to Brimm by Bailey, under an agreement between Brimm, Bailey, and Long (the holder of a chattel mortgage on them), that when Bailey delivered to Long $250 worth of corn at 20 cents per bushel, the mules should be released from the lien of the mortgage. Long actually secured $185.80 worth of corn, but certain creditors of Bailey claimed this under legal process, and Long instituted a replevin action to obtain it for the benefit of Bailey, the latter having agreed to save the former harmless in such proceeding. In the district court Long succeeded, and judgment was rendered in his favor at the December term 1876, but the opposing parties made out a bill of exceptions in that case, and had it prepared to be taken on error to this court. In such action, Long paid out $30 as attorney's fees. The evidence does not disclose any actual delivery of $250, or of $185.80 worth of corn, to Long by Brimm. The most we can gather is, that by the institution of certain legal proceedings, in which Bailey was to save Long harmless, the latter recovered $185.80 of corn, but paid out to obtain this, $30, and that the proceedings are in a condition to be heard upon error in this court. With this view of the matter, the court committed no error in admitting the evidence objected to, or in its direction to the jury. There was no absolute delivery of any corn; $185.80 worth was obtained by Long upon the expenditure of $30, and it is still questionable whether he will retain it; at least, until the expiration of three years from the rendition of the judgment in his favor, he is liable to be called upon to defend the suit in this court. About all that we can say is, that Long accepted the $185.80 worth of corn on condition that Bailey should see him harmless in taking it, and the proceedings growing out of such conditional acceptance are not yet ended. The delivery was

only a conditional one; the acceptance was only conditional. Long was entitled to have deducted from the value of the corn he received, the attorney's fees he paid out to secure it, and while the suit over the corn is in condition to be reviewed, certainly Long is not required to give up his lien on the mules, unless protected. Brimm cannot complain of the action of Long, because the proceedings taken by him under his agreement with Bailey were to secure as much of the $250 worth of corn as possible, and the more he obtained the less money Brimm was compelled to pay over or tender. There is nothing in the record, to show that Long was obliged to commence the action to recover the corn out of any duty to Bailey or Brimm. If he had not done so, certainly counsel could not claim that any part of the $250 worth of corn had been paid. The corn was to have been delivered about Jan. 1, 1876, and there had been a failure to comply with the agreement, on the part of Bailey, before the suit of Long was commenced. Of course, if there had been a delivery of the said $185.80 of corn to Long without any conditions, and an acceptance of it by him, in the absence of any failure of title to the corn Brimm would have been required to tender only sufficient to complete the $250; but the record presents a different case. When it shall finally be settled that the $185.80 worth of corn belongs to Long, then the plaintiff in error will be entitled to the mules in dispute, by paying or tendering sufficient to reimburse Long for his expense in securing the corn and the balance of the $250.

The judgment of the district court will be affirmed.

All the Justices concurring.